CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 05 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JARROD MARTIN,** | ) | **CASE NO. 7:14CV00045** |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNKNOWN,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| Respondent. | ) | |

Jarrod Martin, a Tennessee inmate proceeding pro se, filed this petition for a writ of habeas corpus, asking the court to order Tennessee officials to return him to Virginia for a "habeas hearing." (Pet. 1.) Upon review of the record, the court summarily dismisses the petition for lack of jurisdiction.

I

Martin is currently incarcerated in the Sullivan County Jail ("the jail) in Blountville, Tennessee. He claims that, while he was incarcerated in Wise, Virginia, he refused to waive extradition to face criminal charges in Sullivan County. In early June of 2013, he appeared in a Wise County Court, where officials served him with a "governor's warrant." (Id.) The judge informed Martin that "the only thing that superseded a governor's warrant" was a habeas corpus petition. Martin states that he told his attorney to proceed with a "writ of habeas corpus hearing." (Id.) Court records available online do not indicate that Martin filed a petition for a writ of habeas corpus in the Wise County Circuit Court or the Wise County General District Court. Later, Tennessee officials collected Martin and, despite his insistence that he should first have a habeas hearing, transported him to the Tennessee jail where he is now detained. He does not provide any details about the status of the Tennessee criminal charges.

Martin signed and dated this petition on December 26, 2013, and states that he also placed it in the mail box at the jail on that date for mailing to the court. The court received and docketed the petition on February 4, 2014. Martin asserts that his extradition from Virginia without a <u>habeas</u> hearing violated his due process and state law rights. He demands that the court order officials to return him to Wise, Virginia, and direct court officials there to afford him a <u>habeas</u> hearing.

## II

Because the petition challenges the validity of Martin's detention in a state facility, the court construed and docketed the submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court may grant a <u>habeas</u> writ under § 2254 only where petitioner demonstrates that he is incarcerated in violation of the Constitution or laws of the United States under a state court <u>judgment</u>. § 2254(a). Martin makes no such claim here. Rather, Martin argues that he is wrongfully detained in Tennessee on charges brought against him in that state, because he was wrongfully extradited to that state without habeas corpus proceedings. Such claims are actionable, if at all, only under 28 U.S.C. § 2241. Therefore, the court will direct the clerk to change the designation of this case from a § 2254 petition to a § 2241 petition.

Before his extradition to Tennessee, Martin could have pursued a § 2241 petition challenging the validity of the Tennessee detainer on which he was extradited. See <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). The court finds no indication, however, that Martin or his attorney filed any such petition, or that Martin had any valid grounds on which to bring such a challenge. Now that the extradition has occurred, Martin's <u>habeas</u> challenge to the validity of the Tennessee detainer is moot, because neither this court nor Virginia state authorities have jurisdiction under § 2241 to order Tennessee officials to reverse that extradition process and return Martin to Virginia.

Thus, to the extent that his petition challenges the validity of the detainer, it must be summarily dismissed.

The petition must also be dismissed without prejudice as to any claim that Martin's detention in Tennessee is invalid. He must pursue any § 2241 challenge to his current confinement in the appropriate United States District Court in Tennessee. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Because this court has no jurisdiction over Martin's custodian at the Tennessee jail, the court has no authority to address his § 2241 claim against that custodian. Moreover, the court cannot find that transfer of Martin's petition to the appropriate Tennessee court is warranted, inasmuch as he fails to state any ground on which his current detention there is improper.

For the reasons stated, the court dismisses Martin's petition without prejudice for lack of jurisdiction. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 5th day of February, 2014.

_____
Chief United States District Judge

3